UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATANOOGA

FRANCES M. WEST,                    )
                                    )
        Petitioner,                 )
                                    )
v.                                  )        No.:    1:17-CV-331-HSM
                                    )
UNITED STATES OF AMERICA,           )
                                    )
        Respondent.                 )

## <u>MEMORANDUM OPINION</u>

Federal inmate Frances M. West has filed a motion to vacate, set aside, or correct sentence

pursuant to 28 U.S.C. § 2255.  Respondent has filed a response in opposition to the motion, and

West has filed a reply thereto.  Having considered the pleadings and the record, along with the

relevant law, the Court finds that it is unnecessary to hold an evidentiary hearing[1], and West's §

2255 motion will be denied.

## I.      BACKGROUND FACTS AND PROCEDURAL HISTORY

In 2010, West pleaded guilty to possessing a firearm and ammunition as a convicted felon

[Doc. 34 in 1:10-CR-12].  Based on his prior convictions, which included five assaults with intent

to commit murder, two assaults with intent to commit voluntary manslaughter, two aggravated

assaults, and one first-degree burglary, West was deemed an armed career criminal and sentenced

---

[1] An evidentiary hearing is required on a § 2255 motion unless the motion, files, and record
conclusively show that the prisoner is not entitled to relief.  *See* 28 U.S.C. § 2255(b). It is the
prisoner's ultimate burden, however, to sustain his claims by a preponderance of the evidence. *See
Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).  Accordingly, where "the record
conclusively shows that the petitioner is entitled to no relief," a hearing is not required. *Arredondo
v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (citation omitted).

to the statutory mandatory minimum of 180 months' imprisonment [Presentence Investigation Report ("PSR") at ¶¶ 18, 24-25, 33-35, 37, 39, 42; Doc. 23 in No. 1:10-CR-12].

West's initial § 2255 motion was denied in 2014 [Docs. 42 and 43 in No. 1:10-CR-12]. Thereafter, West sought and obtained authorization from the Sixth Circuit to contest his armed career criminal classification in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which invalidated the residual clause of the Armed Career Criminal Act ("ACCA"). *See Johnson*, 135 S. Ct. at 2563. The United States was ordered to respond to West's allegations, and it did so by filing its response in opposition to the motion on February 5, 2018 [Doc. 9]. Thereafter, West filed a reply to the United States' response [Doc. 12].

## II.    LEGAL STANDARD

After a defendant has been convicted and exhausted his appeal rights, a court may presume that "he stands fairly and finally convicted." *United States v. Frady*, 456 U.S. 152, 164 (1982). A court may grant relief under 28 U.S.C. § 2255, but the statute "does not encompass all claimed errors in conviction and sentencing." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). Rather, collateral attack limits a movant's allegations to those of constitutional or jurisdictional magnitude, or those containing factual or legal errors "so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation omitted); *see also* 28 U.S.C. § 2255(a).

## III.    DISCUSSION

The ACCA requires a 15-year minimum sentence for a felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The statute defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use,

attempted use, or threatened use of physical force against the person of another" (the "use-of-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another") (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson v. United States*, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague and violative of due process. *Johnson*, 135 S. Ct. at 2563. However, *Johnson* did not invalidate "the remainder of the Act's definition of a violent felony." *Id*. Therefore, for a § 2255 petitioner to obtain relief under *Johnson*, he must show that his ACCA-enhanced sentence was necessarily based on a predicate violent felony that only qualified as such under the residual clause. *See, e.g., Potter v. United States*, 887 F.3d 785, 788 (6th Cir. 6018). Accordingly, post-*Johnson*, a defendant can properly receive an ACCA-enhanced sentence based either on the statute's use-of-force or enumerated-offense clauses. *United States v. Priddy*, 808 F.3d 676, 683 (6th Cir. 2015); *see also United States v. Taylor*, 800 F.3d 701, 719 (6th Cir. 2015) (affirming ACCA sentence where prior convictions qualified under use-of-force and enumerated-offense clauses).

In evaluating whether a conviction qualifies as a predicate offense under the ACCA's enumerated-offense clause, courts typically apply a "categorical approach," which requires the reviewing court to compare the elements of the statute of conviction with the "generic elements" of the offense. *Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016); *Descamps v. United States*, 570 U.S. 254, 257 (2013). If the statute of conviction is broader than that criminalizing the generic offense, then it cannot qualify as a violent felony, regardless of the facts comprising the offense. *See, e.g., Mathis*, 136 S. Ct. at 2248-49.

However, where the statute of conviction is "divisible," in that it lists elements in the alternative to define several different variants of the crime, courts may employ the "modified categorical approach" in order to evaluate which of the alternative elements constituted the offense of conviction. *See, e.g., Mathis*, 136 S. Ct. at 2249. When considering whether the conviction qualifies as an ACCA predicate under this approach, courts may review a limited set of documents (referred to as *Shepard* documents) to determine the elements of the crime of conviction and compare that crime to the generic offense. *See id.; see also Shepard v. United States*, 125 S. Ct. 1254 (2005).

### A.     Felonious assault with intent to murder

West was convicted under Tennessee law on five separate occasions of committing a felonious assault with intent to commit murder, having used a "certain dangerous and deadly weapon" during the assaults [PSR at ¶¶ 24, 34, 35, 37, 39].

At all relevant times[2], the relevant portion of Tennessee's assault statute defined felonious assault with intent to commit murder as an offense committed whenever a person "feloniously and with malice aforethought assault[s] any person, with the intent to commit murder in the first degree[.]" *Carter v. State,* 181 S.W.2d 137, 138 (Tenn. 1944) (quoting Tenn. Code § 10797 (1932)); *Walker v. Parker*, No. W2008-1453-CCA-R3-HC, 2009 WL 2486141, at *3 (Tenn. Crim. App. Aug. 12, 2009) (quoting Tenn. Code Ann. § 39-604). The statute is divisible. *See Banks v. United States*, No. CR 92-20177, 2018 WL 1954840, at *11 (W.D. Tenn. Apr. 25, 2018), *aff'd,* No. 18-5510, 2019 WL 2149658 (6th Cir. May 15, 2019).

---

[2] West's convictions occurred under different statutes, Tenn. Code § 10797, Tenn. Code § 39-604, and Tenn. Code § 39-2-103, but each contained the same statutory language prior to Tenn. Code § 39-2-103's repeal in 1989.

"Assault" under Tennessee law was defined as "an attempt, or the unequivocal appearance of an attempt, to do a corporal injury to another, the intent to do harm being essential." *Rushing v. State*, 268 S.W.2d 563, 567 (Tenn. 1954). Tennessee courts have held that the requisite intent to commit murder could be inferred or presumed where the perpetrator used a deadly weapon. *See, e.g., State v. Bolin*, 678 S.W.2d 40, 41 (Tenn. 1984) (discussing Tenn. Pattern Jury Instruction, Crim. 8.03); *Stooksbury v. State*, 274 S.W.2d 10, 12 (Tenn. 1954). West's state conviction records indicate that each time he was convicted of assault with intent to commit murder, he had been explicitly charged with using a "dangerous and deadly weapon," and that he thereafter pleaded guilty as charged [*See, e.g.,* Doc. 9 p. 8-44].

Using a deadly weapon involves the use of force that is capable of causing physical injury to another   i.e., violent force   and displaying such a weapon during an assault is a threatened use of that same violent force. *See Braden v. United States*, 817 F.3d 926, 933 (6th Cir. 2016) (holding the deadly-weapon variant of Tennessee's knowing/intentional aggravated assault statute is a violent felony); *Banks*, 2018 WL 1954840, at *11 (W.D. Tenn. Apr. 25, 2018) ("Tennessee assault with intent to commit first degree murder qualifies as a violent felony under the ACCA's use-of-force clause."). Therefore, West's assault with intent to murder convictions qualify as predicate offenses.

### B. Burglary

In *Taylor v. United States*, the Supreme Court defined generic burglary as "any crime, regardless of its exact definition or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." 495 U.S. 575, 599 (1990). The Tennessee burglary statute under which West was convicted in 1964 defined first-degree burglary as "the breaking and entering into a dwelling house. . . with intent to commit

a felony." *Smith v. United States*, No. 3:05-CR-74, 2016 WL 3349298, at *6 (E.D. Tenn. June 15, 2016) (quoting Tenn. Code Ann. § 39-2-401) [PSR ¶ 24]. Therefore, the statute's definition fits within the generic definition of burglary, and first-degree burglary under Tennessee law thus categorically qualifies as a violent felony under the enumerated-offense clause. *Id.*; *see also United States v. Jones*, 673 F.3d 497, 505 (6th Cir. 2012) (holding pre-1989 Tennessee second-degree burglary, which occurred by day but was otherwise identical to first-degree burglary, qualifies categorically as generic burglary and is a violent felony under the enumerated-offense clause).

### C. Summary

West has at least three convictions for violent felonies that qualified as such under clauses other than the residual clause, and thus, he remains correctly classified as an armed career criminal. *See United States v. Jenkins*, 528 F. App'x 483, 485 (6th Cir. 2013) ("The [ACCA] requires just three prior convictions, not more. The rest is overkill.").

## IV. CERTIFICATE OF APPEALABILITY

When considering a § 2255 motion, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. West must obtain a COA before he may appeal the denial of his § 2255 motion. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For cases rejected on their merits, a movant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong" to warrant a COA. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). To obtain a COA on a claim that has been rejected on procedural grounds, a movant must demonstrate "that jurists of

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Based on the *Slack* criteria, the Court finds that a COA should not issue in this cause.

## V.     CONCLUSION

For the reasons stated herein, West has failed to establish any basis upon which § 2255 relief could be granted, and his motion will be **DENIED**.  A COA from the denial of his § 2255 motion will be **DENIED**.

**An appropriate Judgment Order will enter.**

       <em>/s/ Harry S. Mattice, Jr.</em>       
HARRY S. MATTICE, JR.<br>UNITED STATES DISTRICT JUDGE